IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JIMMY PHILLIP MEDINA,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br><br><br>Civil Case No. 1:05-CV-69 TS<br><br>Criminal Case No. 1:04-CR-2 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion). The Court, having considered the Motion and pleadings, having reviewed the file, and being otherwise fully informed, will deny Petitioner's § 2255 Motion, as is set forth below.

1

BACKGROUND

On January 7, 2004, a single-count Indictment was filed against Petitioner Jimmy Phillip Medina in the underlying criminal case,[1] charging him with Possession with Intent to Distribute Methamphetamine. Petitioner filed a Motion to Suppress evidence in that case on May 21, 2004, which was denied by the Court on November 16, 2004. On February 3, 2005, Petitioner entered a guilty plea to the Indictment. As a part of the plea agreement, Petitioner waived his right to appeal or to bring a collateral attack motion, including a § 2255 motion. Petitioner was sentenced on April 27, 2005, to the statutory minimum mandatory term of 240 months. Judgment was entered on April 29, 2005.

On May 24, 2005, Petitioner filed the instant § 2255 Motion. On October 3, 2005, the Court ordered the government to respond by November 10, 2005. To date, the government has failed to so respond, and the Court will make its decision without the benefit of the government's response.

DISCUSSION

The Court makes the initial finding that Petitioner's § 2255 Motion was timely filed. Petitioner's judgment was entered on April 29, 2005, and the Motion was filed on May 24, 2005, well within the one-year limitations period set by 28 U.S.C. § 2255(1).

In his § 2255 Motion, Petitioner argues "misrepresentation" of counsel.[2] The Court construes this claim as one for ineffective assistance of counsel, a violation of the Sixth

---

[1] 1:04-CR-2 TS.

[2] Docket No. 1 in Case No. 1:05-CV-69 TS at 4.

2

Amendment. On September 29, 2004, after the hearing on Petitioner's Motion to Suppress, a different attorney was substituted in place of Petitioner's then-counsel, which Petitioner argues affected the outcome of his suppression motion. The Court must first address the issue of Petitioner's waiver of his appeal rights.

I.   APPEAL WAIVER

In the February 3, 2005, plea agreement, Petitioner waived both his direct and collateral appeal rights as follows:

> 10.   Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, or any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.
>    I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.[3]

As part of the plea agreement, Petitioner agreed to the following: to plead guilty to Count I; to admit to having been previously convicted of at least one felony drug offense, raising the statutory mandatory minimum sentence to 20 years; to admit that he qualifies as a "career

---

[3] Document No. 59 in Case No. 1:04-CR-2 TS at 4-5.

3

offender," pursuant to USSG § 4B1.1, and to waive his right to appeal or collaterally attack his sentence, as just outlined.[4]

The Court notes that it is unclear whether the instant Motion attacks merely the sentence itself, or the underlying conviction. In any event, the Court will analyze the appeal waiver as it relates to sentencing, as well as the underlying ineffective assistance of counsel claim.

    a.    <u>Legal Standard</u>.

The Tenth Circuit has long recognized that a defendant should be held strictly to the terms of a lawful plea agreement.[5] That includes instances when, as a part of the plea agreement, a defendant has waived his right to appeal. "A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver are knowingly and voluntarily made."[6] Therefore, a collateral appeal waiver is enforceable if it is: 1) expressly stated in the plea agreement, and 2) both the plea and waiver are knowingly and voluntarily made.

        i.    expressly stated

The express language of the plea agreement, quoted above, provides that Petitioner "knowingly, voluntarily and expressly waive[d his] right to challenge [his] conviction and/or sentence, and the manner in which the sentence is determined, in any collateral review motion,

---

[4] *Id.* at 5.

[5] *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (internal citations omitted) ("This court will hold a defendant to the terms of a lawful plea agreement").

[6] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[7] Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought – § 2255. The Court detects no ambiguity whatsoever in the language. Therefore, the Court finds that the collateral appeal waiver is "expressly stated in the plea agreement."[8]

      ii.  knowingly and voluntarily made

To be considered valid and enforceable, both the plea of guilty and the collateral attack waiver must also be "knowingly and voluntarily made."[9] Fed.R.Crim.P. Rule 11 establishes certain procedures for the entry of a plea of guilty, and requires the Court to conduct a colloquy directly with the defendant to ensure that, among other things, a plea agreement and resulting plea are entered into voluntarily and knowingly by a defendant.

In this case, Petitioner entered a plea of guilty on February 3, 2005, and the Court entered into the above-referenced Rule 11 colloquy with him at that time. After extensive explanation to and discussion with Petitioner, the Court made the express findings that Petitioner knew his rights and waived them, that the plea was entered knowingly and voluntarily, and that it was supported by an independent basis in fact containing each of the essential elements of the offense. The Court accepted Petitioner's guilty plea and adjudged him therefor.

---

[7] Docket No. 59 in Case No. 1:04-CR-2 TS at 4-5.

[8] *Cockerham*, 237 F.3d at 1183.

[9] *Id.*

Further, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea . . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of drugs, medication or intoxicants. I have no mental reservations concerning the plea . . . ."[10]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."[11]

Having found that the collateral appeal waiver was expressly stated in the plea agreement, and was knowingly and voluntarily made, the Court finds that the waiver is valid and enforceable.

      b. <u>Claims which may survive waiver</u>.

The Tenth Circuit has outlined several exceptions that may render an otherwise enforceable waiver inapplicable. Those exceptions are "where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, where the sentence exceeds the statutory

---

[10] Docket No. 59 in Case No. 1:04-CR-2 TS at 7.

[11] *Cockerham*, 237 F.3d at 1183.

maximum, or where the waiver is otherwise unlawful."[12]  However, once it has been established that Petitioner entered into the express waiver both knowingly and voluntarily, the appeal must be dismissed unless Petitioner can demonstrate that one of those exceptions apply.[13]

The Court finds that Petitioner's second argument – that he received ineffective assistance of counsel – is a potential exception to an enforceable waiver,[14] and the Court will discuss it below.

II.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Tenth Circuit has ruled that, under some circumstances, a claim of ineffective assistance of counsel brought in the context of a § 2255 Motion may survive a valid collateral appeal waiver.  "[A] claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself."[15]

The *Cockerham* court identified two critical components that must exist for a § 2255 ineffective assistance of counsel claim to survive a valid waiver.  "The first is whether there is any basis for a claim of ineffective assistance of counsel, and the second is whether that ineffectiveness claim pertains to the validity of the plea."[16]  The Tenth Circuit further held that "a

---

[12] *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001).

[13] *Atterberry*, 144 F.3d at 1300.

[14] *Elliot*, 264 F.3d at 1173.

[15] *Cockerham*, 237 F.3d at 1184 (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1998).  See *Jones*, 167 F.3d at 1145 ("the right to mount a collateral attack pursuant to § 2255 survives [a waiver] only with respect to those discrete [ineffective assistance] claims which relate directly to the negotiation of the waiver.")

[16] *Id.* at 1187.

plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[17]  In *United States v. Clingman*, the Tenth Circuit has provided further direction:

> To prevail on his ineffective assistance claim, [Petitioner] must show that he was prejudiced by his trial counsel's allegedly deficient performance.  In the context of a guilty plea, this requires [Petitioner] to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial."[18]

In this case, as noted above, Petitioner argues that a substitution of counsel during the time period of the Court's determination of his Motion to Suppress affected the outcome of the Court's decision thereon.  However, only claims that "challeng[e] the validity of the plea or the waiver" itself may survive collateral appeal waiver.[19]  "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."[20]

The appeal waiver at issue in this case bars only appeals to Petitioner's *sentence*, and it appears that it does not apply to the issues raised in the instant Motion.  To the extent the appeal waiver does apply here, the Court finds that the claim made by Petitioner here does not go to the making of the waiver or to the plea, and the claim is barred.  However, to the extent that the

---

[17] *Id.*

[18] 288 F.3d 1183, 1186 (10th Cir. 2002) (emphasis in original).

[19] *Id.*

[20] *Id.*

instant claims are not barred by the appeal waiver, the Court addresses them now under the ineffectiveness of counsel analysis.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.[21]

> To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial.[22]

To successfully claim ineffective assistance, then, Petitioner must show two things:  First, that his counsel functioned deficiently.[23]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[24] Second, he must show that counsel's deficient functioning prejudiced Petitioner's defense.[25] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[26]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[27]

---

[21] *Strickland v. Washington*, 466 U.S. 668 (1984).

[22] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland*).

[23] 466 U.S. at 687.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

As previously noted, Petitioner argues that the substitution of new counsel during the determination of his Motion to Suppress negatively affected the outcome thereof.  Petitioner also implies that his new defense counsel did not adequately investigate or prepare.  When weighing whether counsel was ineffective, the Court must review counsel's decision not to further investigate "for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[28]  "[A]n attorney must investigate a case, when [s]he has cause to do so, in order to provide minimally competent professional representation."[29]

During the course of the pendency of the underlying criminal case, Petitioner's counsel had at her disposal, through discovery, the complete police investigations into the offense for which Petitioner was charged.  Having reviewed this information and counseled with her client, counsel made the strategic decisions and raised the arguments which she did.  "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[30]  Further, given the weight of the evidence against Petitioner in the underlying criminal case, he has failed to show a reasonable likelihood that, but for the deficiency, the result of the proceeding would have been different.[31]

---

[28] *Strickland*, 466 U.S. at 691.

[29] *United States v. Kauffman*, 109 F.3d 186, 190 (3rd Cir. 1997).

[30] *Strickland*, 466 U.S. at 691-92.

[31] *Lewis v. Mazurkiewicz*, 915 F.2d 106, 115 (3rd Cir. 1990).

The Court notes that Petitioner also made affirmative statements, orally and in writing, that he was satisfied with the advice and assistance of trial counsel.  In the written plea agreement, Petitioner signed his name beneath statements that: "I have discussed this case and this plea with my lawyer as much as I wish to.  I am satisfied with my lawyer."[32]  Further, during the Rule 11 plea colloquy, in addition to Petitioner confirming that he had discussed the plea agreement with trial counsel, Petitioner verbally affirmed that he was satisfied with his counsel.

The Court finds that trial counsel's performance did not "fall below an objective standard of reasonableness" and that trial counsel's alleged failures were not prejudicial, as there is no "probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[33]

Therefore, Petitioner's ineffective assistance claim fails.

III.   CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

---

[32] Docket No. 59 in Case No. 1:04-CR-2 TS at 7.

[33] *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (citing *Strickland*).

SO ORDERED.

DATED this 10th day of April, 2006.

                                    BY THE COURT:

                                    _____
                                    TED STEWART
                                    United States District Judge